FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUN 16 2021

MITCHELL R. ELFERS
CLERK OF COURT

5:30

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRON DURAN BODDEN-POUCHIE,

    Petitioner,

vs.                                       CR No. 21-cr-480 KG
                                         Civ. No. 21-0432 KG-JHR

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Andron Duran Bodden-Pouchie's Habeas Corpus Petition under 28 U.S.C. § 2241 (Doc. 22) (Petition).[1] Petitioner challenges the constitutionality of his federal pretrial detention, including the order requiring him to remain in custody before trial. Having reviewed the matter *sua sponte*, the Court will dismiss the Petition as procedurally defective.

*I. Background*

Defendant was arrested on February 11, 2021 for reentry of a removed alien in violation of of 8 U.S.C. §§ 1326(a) and (b). (Doc. 15) at 1. Assistant Federal Public Defender (FPD) Imtiaz Hossain was initially appointed as counsel. (Doc. 3). Mr. Hossain filed a notice indicating Defendant waived the preliminary hearing, the detention hearing, and the right to personally appear. (CR Doc. 6) at 1-2. The notice reflects Mr. Hossain "advised … [D]efendant that by waiting the right to a detention hearing, he … will be held in jail without bond until this matter is resolved." *Id.* at 2. The Court (Hon. Gregory Fouratt) entered an Order of Detention on

---

[1] All docket references are to the criminal case, 21-cr-480 KG.

February 18, 2021. (CR Doc. 7).

Defendant filed the *pro se* Petition on May 7, 2021. (CR Doc. 22). He seeks a writ of habeas corpus ordering his immediate release from pretrial custody. He argues: (1) he was detained without due process; (2) the Detention Order is unconstitutional; and (3) the prosecution is based on fraud. (CR Doc. 22) at 1-4. He also appears to allege the United States lacks jurisdiction to prosecute him and that his detention violates various international peace treaties. Id. at 1-2. The Court held a status conference on June 15, 2021 to discuss the Petition and Defendant's request to proceed *pro se* in the criminal case. Defendant appeared along with his current counsel, Cesar Pierce-Valera.

*II. Discussion*

The Petition is governed by Habeas Corpus Rule[2] 4 and 28 U.S.C. § 2241. Habeas Corpus Rule 4 requires a sua sponte review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ... the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer...." *Id.*

Habeas relief is available under Section 2241 where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, the Tenth Circuit holds that federal pretrial detainees must exhaust all available remedies before obtaining habeas review. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.

---

[2] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Proceedings in the United States District Courts. The Court, in its discretion, applies those rules to the § 2241 petition. *See Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (court acted within its discretion by applying § 2254 Rules to § 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (courts may summarily dismiss any habeas petition that appears legally insufficient on its face).

2000). "[A]llowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the [criminal] trial court ... would result in needless duplication of judicial work and would encourage judge shopping." *Hall v. Pratt*, 97 Fed. App'x. 246 (10th Cir. 2004) (unpublished). More recently, the Tenth Circuit "adopt[ed] the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial." *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017). Medina emphasized that "the writ of habeas corpus should not do service for an appeal." *Id.* (citing *United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979)). The only exception is where the detainee cannot seek relief in the pending criminal case. *Id.* at 1026, 1029.

The criminal docket reflects that Defendant did not exhaust his habeas claims or appeal the Detention Order. The Court will therefore dismiss the Petition without prejudice to filing a detention appeal pursuant to 18 U.S.C. § 3143. Defendant should consult his new attorney, if he hires one, or Mr. Pierce-Valera if he wishes to challenge the Detention Order or has other pretrial concerns.

IT IS ORDERED:

1. Defendant Andron Duran Bodden-Pouchie's Habeas Corpus Petition under 28 U.S.C. § 2241 (CR Doc. 22; CV Doc. 1) is dismissed without prejudice.

2. The Court will enter a separate judgment closing the civil habeas case.

_____
UNITED STATES DISTRICT JUDGE